IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cr-00222

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | PRELIMINARY |
| v. | ) | ORDER OF FORFEITURE |
| | ) | |
| JAYQUON TYRON LAMISON | ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture (Doc. 29).

The United States requests, pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 924, that this Court enter a Preliminary Order of Forfeiture for the firearm and ammunition involved in or used in the firearms violation for which Defendant pled guilty. For good cause shown and based on the preponderance of the evidence, this Court hereby **GRANTS** the Motion, and **FINDS AS FOLLOWS**:

Title 18 U.S.C. § 924(d) authorizes the forfeiture of firearms and ammunition involved in violations of criminal laws of the United States, and Fed. R. Crim. P. 32.2(b)(1) provides for the preliminary forfeiture, pending petitions by third parties, of seized assets. Forfeiture is appropriate upon a finding of a nexus, or connection, between the property and count(s) of convictions. Fed. R. Crim. P. 32.2(b)(1)(A). Here, Defendant's guilty plea to Count One in the Indictment and stipulated Factual Basis establish the nexus between the firearm and ammunition for which the Government seeks forfeiture and Count One, and the firearm and ammunition are accordingly forfeitable under Section 924(d).

1

It is, therefore **ORDERED**:

1. Based upon Defendant's plea of guilty and stipulated Factual Basis, the United States is authorized to maintain possession of the following property, and the property is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third-party claims and interests, pending final adjudication herein:

**One North American Arms, model NAA22, 22 caliber revolver, serial number E307474 and ammunition.**

2. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this Order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of third-party interests, if any, this Court will enter a final Order of Forfeiture pursuant to 21 U.S.C.§ 853(n) and Fed. R. Crim. P. 32(c)(2).

4.  If no third-party files a timely claim, this Order of forfeiture shall become Final and shall be made part of the sentence and included in the judgment, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

SO ORDERED this 22nd day of August, 2023.

HON. MAX O. COGBURN
UNITED STATES DISTRICT JUDGE